## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTINE D. PEDERSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00519-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christine D. Pedersen brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 16, 17. Parties waived oral argument. *See* Docs 15, 18.

Upon consideration of the administrative record ("R.") (Doc. 9), Plaintiff's Brief (Doc. 10), and the Commissioner's Brief (Doc. 13), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 23.

## I.     **Procedural Background**

Plaintiff filed applications for for DIB and SSI in February 2011 (*see* R. 237-244), alleging a disability onset date of August 1, 2008. *See* R. 321, 338, 340. Her applications were initially denied. *See* R. 130-134. Hearings were conducted before Administrative Law Judge Tracy S. Guice ("ALJ Guice") on June 12, 2012 (*see* R. 47-78) and before Administrative Law Judge Thomas M. Muth II ("the ALJ") on January 8, 2013.[2] *See* R. 79-103. On April 26, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 17-46. The Appeals Council issued a decision declining to review the ALJ's determination on October 17, 2014 (*see* R. 1-3), rendering the Commissioner's decision being final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on November 12, 2014. *See* Doc. 1.

## II.     **Factual Background**

Ms. Pedersen, the Plaintiff in this case, is a resident of Mobile, Alabama, born January 15, 1981. Doc. 10 at 7; R. at 237. She was 40 at the time of the second hearing before the ALJ. Doc. 10 at 7. She completed high school and attended some college, but does not have any higher degree or any vocational training. R. at 52. Her past relevant work experience includes positions as a store manager, software help-desk engineer, and security guard. R. at 52-55. However, she has not worked since before the alleged onset date of August 1, 2008. R. at 22. Ms. Pedersen suffers from a number of medical issues, including degenerative disc disease and scoliosis of

---

[2] This appears to be a supplemental hearing to allow additional evidence into the record. R. 79-103.

the lumbar spine; ankylosis and osteoarthritis of the right ankle; pain disorder; depressive disorder; dysthymic disorder; anxiety disorder; cannabis abuse/dependence; panic disorder; Clonazepam dependence; personality disorder; obstructive sleep apnea; obesity; hypertension; and lower extremity edem. Doc. 10 at 7; R. at 23.

### III.   <u>Claim on Appeal</u>

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) because the ALJ "reversibly erred in failing to give significant weigh[t] to the opinion of Plaintiff's treating physician in favor of granting great weight to a non-examining, non-treating source." Doc. 10 at 2.

### IV.   <u>Standard of Review</u>

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment

3

meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into

account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V.   Analysis

**The ALJ gave reasonable weight to the opinions of each of the medical experts.**

At Step Four,

the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step, discussed below. 20 C.F.R. § 404.1520(e).

If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. See 20 C.F.R. § 404.1567.4

5

Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

Where, as here (*see* R. at 23), there is medical evidence of a claimant's drug addiction, the RFC determination is affected by whether the drug dependence is a "contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). In such a case, the following process is used by the ALJ:

(1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

(2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

(i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935(b).

In the instant case, the ALJ determined that "If the claimant stopped the substance abuse, the claimant would have the residual function capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)," with a number of limitations. R. at 33. The ALJ further concluded that:

The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance use (20 C.F.R. 404.1520(g), 404.1535, 416.920(g) and 416.935). Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

R. at 39.

In making the RFC determination, the ALJ gave "significant weight" (R. at 29) to the opinions of State agency psychological consultant Dr. Robert Estock, who is a non-examining physician. R. at 455-472 *compare* 20 C.F.R. § 404.1502. At the same time, the ALJ gave "some, and no significant weight" (R. at 30) to the mental RFC evaluation of Dr. Christopher Jenkins (R. at 476-477), the Plaintiff's treating psychiatrist. R. at 499-544 *compare* 20 C.F.R. § 404.1502. The Plaintiff argues that this is an improper evaluation of the opinion evidence because " '[t]he opinions of non-examining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence.' " Doc. 10 at 4; Doc. 10 at 2 *quoting Lamb v. Bowen*, 847 F. 2d 698, 703 (11th Cir. 1988). The Plaintiff establishes that the necessary "good cause" for not according controlling weight to a treating physician's opinion cannot be provided by the report of a non-examining physician because the opinion of such a person is entitled to little weight if it contradicts the opinion of a claimant's own physician. Doc. 10 at 3 *quoting Johns v. Bowen*, 821 F. 2d 551, 554 (11th Cir. 1987). The Plaintiff also correctly states that " 'the Commissioner's fifth-step burden [to establish that the claimant can make an adjustment to other work] cannot be met

by a lack of evidence, or by the residual functional capacity assessment of a non-examining, reviewing physician, but instead must be supported by the residual capacity assessment of a treating or examining physician." Doc. 10 at 3 *quoting Coleman v. Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala 2003).

While the Plaintiff correctly relays precedent, there are several issues with its application here, especially Plaintiff's contention that the ALJ's determination is "not based on substantial evidence, as the opinion of a non-examining physician is insufficient where it is contracted [as here] by the opinion expressed by Plaintiff's treating physician." Doc. 10 at 4. The ALJ stated that the weight given to Dr. Jenkins's opinion was due to the ALJ's determination that "this opinion is not consistent with the record as a whole," including Dr. Jenkins's own contemporaneous treatment notes. R. at 30. An ALJ gives controlling weight to the opinion of a treating physician where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527. There must be "good cause" not to accord substantial weight to a treating physician, which cannot be provided by the opinion of a non-examining physician. *Johns*, 821 F. 2d at 554. However, the ALJ did not give such little weight to Dr. Jenkins's opinion only because it was contradicted by Dr. Estock's opinion. R. at 30. In fact, Dr. Estock's opinion is not cited at all in the ALJ's evaluation of Dr. Jenkins's evaluation. *Id.* Rather, consistent with *Johns* and 20 C.F.R. § 404.1527, the ALJ determined that Dr. Jenkins's opinion was inconsistent with other substantial evidence in the record

(a record which includes other examining physicians such as Dr. Jon Rogers and Dr. Lucile Williams) and because the opinion was internally inconsistent with Dr. Jenkins's treatment notes (which included statements the Claimant had appropriate affect, intact memory, and partial response to medication). R. at 30. Since Dr. Jenkins's mental RFC opinion was not entitled to controlling weight, the ALJ's evaluation was consistent with the established standard for evaluating opinion evidence, which calls for considering, among other factors, *both* the treatment relationship and consistency. *See* 20 C.F.R. § 404.1527(d).

Moreover, the ALJ determined that the opinion of Dr. Estock was *consistent with*, not contradictory to, Dr. Jenkins's examination and treatment evidence. R. at 29. It is true that the opinions of non-examining physicians which are contradictory to treating physician opinions are entitled to little weight. *See Lamb*, 847 F. 2d at 703. However, that was not the determination of the ALJ in this case. The ALJ found that the opinions of Dr. Estock were "consistent with examination and treatment evidence, such as the February 23, 2012 treatment notes of Dr. Jenkins showing that the claimant improved with medication (Exhibit 23F). R. at 29. This acceptable opinion evidence evaluation which takes into account the "consistency" factor of 20 C.F.R. §404.1527.

Finally, the ALJ's RFC determination, and his subsequent determination that the Plaintiff can perform light work existing in the national economy, are supported by substantial evidence as required by *Jones* (190 F.3d at 1228) and *Crawford* (363 F.3d at 1158-59). The ALJ gave at least partial credibility to the allegations of

9

Claimant and her mother. R. at 27-29. The ALJ also relied on emergency medical records; on the treatment notes and opinions of Dr. Jenkins, a treating physician; the opinions of Dr. Rogers and Dr. Crotwell, examining physicians; the functioning assessment of Catholic Family Services; the consultative opinions of Dr. Estock and Dr. Koulianos; and the testimony of a vocational expert. R. at 28-29, 31, 32-33, 34-35, 37-38, 39. As required by the Eleventh Circuit, the evidence relied upon is "more than a scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *See Martin v. Sullivan*, 894 F. 2d 1520, 1529 (11th Cir. 1990) (internal citations omitted).

## VI.   Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 21st day of August 2015.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**